# Egly *v.* Armstrong County Commissioners, Appellants.

*Elections—Polling places—County commissioners—Act of June* 19, 1891.

Under the act of June 19, 1891, § 19, P. L. 349, the county commissioners must construct a temporary room to be used as a polling place, if there is no room of adequate size at the place which the voters of the district have designated for the election. The commissioners are not at liberty in such a case to rent a room at any other place within the district.

The act of June 19, 1891, P. L. 349, neither expressly nor by implication repeals the act of July 2, 1839, P. L. 530, or the act of April 20, 1854, P. L. 419.

Argued Oct. 9, 1893. Appeal, No. 6, Oct. T., 1893, by plaintiffs, Michael Egly et al., from order of C. P. Armstrong Co., Dec. T., 1892, No. 166, awarding a writ of mandamus. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Petition for mandamus. Before RAYBURN, P. J.

The petition of Michael Egly and B. H. Hankey set forth that, under the proceedings in the quarter sessions court of Armstrong county at No. 16, Sept. T., 1892, the place of holding the elections in Kittanning township was fixed at and upon the farm of S. E. Smeltzer in said township; that the commissioners of Armstrong county refused to erect or provide an election house at said place, but leased or rented a house for election purposes on the farm of John Sinclair in said township, fully one mile and a half from the place fixed by court, and that said commissioners declared it their intention to have the elections held at the house so provided; that said place is not convenient for the voters of the township. They therefore

prayed that a writ of mandamus be issued commanding said commissioners to erect and provide a voting house at and upon the Smeltzer farm.

Writ of peremptory mandamus awarded. Defendants appealed.

*Error assigned* was awarding writ.

*John F. Whitworth,* for appellant, cited : Act of June 19, 1891, § 19, P. L. 349 ; Com. v. Mitchell, 82 Pa. 350 ; Com. v. Perkins, 7 Pa. 44 ; Heffner v. Com., 28 Pa. 108 ; 1 Grant, 416.

*John T. Crawford, J. W. King* with him, for appellees, cited : Acts of April 20, 1854, P. L. 419 ; July 20, 1839, P. L. 530 ; June 19, 1891, P. L. 358 ; Esling's Ap., 89 Pa. 205 ; 14 A. & E. Enc. L. p. 218 ; York Co. v. Smyser, 72 Pa. 25 ; Com. v. Pittsburgh, 34 Pa. 522 ; Dechert v. Com., 113 Pa. 129.

OPINION BY MR. JUSTICE DEAN, October 30, 1893 :

There is no dispute as to the facts apparent from the record and proceedings in this case.

1. At a special election held under the order of the court for that purpose, the voters of Kittanning township, by a vote of 103 to 68, fixed the Smeltzer farm in said township as the place of election.

2. There is no room in the buildings upon said farm which can be fitted up with voting shelves, guard rails, and the other conveniences required by the 19th section of the act of 19th of June, 1891, known as the Baker Ballot Law.

3. Under these circumstances, the county commissioners fitted up a room on the John Sinclair farm in said township, one and one half miles distant from the Smeltzer farm.

The court below granted, after hearing on petition and answer, a peremptory mandamus on the commissioners, commanding them to fit up a room on the Smeltzer farm. From this decree comes this appeal.

Since the act of 2d of July, 1839, except temporarily in special cases, such as the division of townships, or the destruction of the building in which elections had formerly been held, or its conversion to uses which rendered it impossible of occu-

pancy, the determination of the place for holding elections within the township rests with the voters. Under that act, on the request of thirty voters, where the whole number exceeded one hundred, and ten where it was less, a meeting of the voters must be called by the constable, and a majority of them at such meeting fixed the place. Two certificates of the result were to be made out, attested by the constable, one to be delivered to the town clerk, the other " to the prothonotary of the court of common pleas, to be filed in his office." Because of the crude methods of carrying on the election, and the ease with which a few dissatisfied voters could procure a meeting, abuses grew up, which the act of 20th of April, 1854, sought to cure. It provided that an election could be had to change the place, only on the petition to the court of quarter sessions of at least one third the qualified voters; then the court could order a special election to determine the place, the election to be held by the officers of the last preceding election, and to be conducted under the same penalties for frauds and misconduct imposed by the general election laws. But there was no change in the disposition of the certificates enjoined by the act of 1839. One copy was to be deposited with the prothonotary of the common pleas, to be filed in his office. The result of the special election in this case was duly certified, delivered to the proper officer and filed. It would have been the duty of the court, doubtless, if, on filing, objections had been made to the certificate because of irregularity, fraud or unfairness in the election, to have heard and determined the fact. But the act itself enjoined no duty on the court, further than ordering the election; it did not direct that it should confirm or approve the certificate. It is probable that, being made a record of the court, the legislature considered the indorsement of filing by the court's officer as sufficient authentication of its conclusiveness.

Nor does the fact here complained of, that the county commissioners had no notice of the special election, at all affect the regularity of the record. The act does not require they shall have notice, for the very good reason that they have no interest in the matter. Where the place of election shall be is of importance only to those who must go to it to vote. For them provision is made; but it is of no more concern to the commissioners where this shall be than to any other county officers.

The place then, the Smeltzer farm, was fixed in the way provided by law. The commissioners changed it to the Sinclair farm, one and a half miles distant. Had they power to do this? They claim authority under the 19th section of the act of 1891: " The county commissioners of each county shall provide each election district therein, at each election, a room large enough to be fitted up with voting shelves, and a guard rail as hereinafter provided. If in any district no such room can be rented or otherwise obtained, the said commissioners shall cause to be constructed for such district a temporary room of adequate size to be used as a voting room."

The commissioners interpret this to mean that if no such room can be obtained or rented at the place of election, then they can rent such room any place within the district. Under such a construction, instead of the voters of the district fixing the place of election, in very many cases that power would rest wholly with the commissioners, those having no interest in the matter. Obviously, no such power was intended to be conferred. The act of 1891 neither expressly nor by implication repeals the acts of 1839 and 1854. Its reasonable meaning is that the commissioners are to provide for each election district, at the place for holding elections, a suitable room; if such room already constructed cannot be had, then a temporary one is to be provided at such place. It would have been wholly unnecessary to authorize the erection of a temporary room if the commissioners were at liberty to provide a room anywhere in the district, for there is not a district in the commonwealth, in some part of which could not have been found a room already built of sufficient size; but there might, in some cases, be no such room at the place of election; hence the authority given to construct a temporary one.

The commissioners clearly exceeded their authority in changing the place of election from the Smeltzer farm. If, as they aver, there is no room there of adequate size, then they must construct a temporary one. Their discretion, under the law, extends no further than determining whether there be one on the Smeltzer farm of adequate size.

The decree is affirmed, and appeal dismissed at costs of appellants.